302 Ga. 372
FINAL COPY

S17Y2000.  IN THE MATTER OF MELISSA M. CLYATT.

PER CURIAM.

This disciplinary matter is before the Court on the report and recommendation of special master Jack J. Helms, who recommends that this Court impose a Review Panel reprimand on Melissa M. Clyatt (State Bar No. 006110) for the misconduct underlying this matter.  This matter began when a former client of Clyatt, who has been a member of the Bar since 1988, recorded a videotaped statement conveying her grievance in May 2014.  The client died, however, in May 2015, and the formal complaint against Clyatt was not filed until May 2016.  Although the parties engaged in extensive discovery, the death of Clyatt's former client greatly impacted the ability of the parties to marshal the relevant evidence and left several issues about the admissibility of certain evidence.  As a result, the parties agreed on a set of stipulated facts under which they agreed the matter would be adjudicated.  Following presentation of these stipulated facts as the Bar's case, Clyatt moved for dismissal of certain counts

of the formal complaint alleging several violations of Bar Rules, but conceded that her conduct had violated Rule 1.8 (a), the maximum sanction for a violation of which is a public reprimand. The Bar did not concede to the dismissal of the various counts, but acknowledged that, based on the stipulated facts, there was not case law with which it could oppose the motion. The special master did not rule on the motion at the hearing.

As recounted by the special master, the facts underlying this matter began in 2006 with Clyatt's representation of the former client in a catastrophic workers' compensation case, which settled in November 2013. During the course of her representation, Clyatt's relationship with the client evolved into a more personal relationship, with Clyatt and her staff assisting the client with personal matters, in addition to legal matters, including helping the client locate and move to a new residence in a safer area, monitoring the client's medical and home health care, and including the client in family and office socialization. At the client's request, Clyatt assisted the client in setting up accounts for the settlement proceeds and had her name, again at the client's request, placed on the accounts. Clyatt and the client agreed that the client would allow Clyatt to use the settlement money, in return for which the client would receive a set

2

monthly fee for interest payments and Clyatt would return any principal amount borrowed upon request. However, this agreement was never reduced to writing, and the client was not informed that she could and should seek the advice of independent counsel before entering into such an arrangement. In any case, in February and March of 2014, Clyatt wrote several checks for large dollar amounts against the account and paid the client the agreed-upon amounts in interest. In late March, the client suffered a severe health event that necessitated a hospitalization and additional nursing and hospice care from the time she was discharged until her death in May 2015. In May 2014, the client called Clyatt and asked her to return the principal amounts she had withdrawn, which Clyatt did in May and June 2014.

Based on these facts, the special master agreed with Clyatt's admission of having violated only Rule 1.8 (a), as the evidence reflects that Clyatt knowingly acquired a pecuniary interest in the client's funds while still representing the client, and without having ensured: that the terms of the arrangement were committed to writing; that the client was advised of the desirability of seeking the advice of independent counsel; or that the client's consent was informed and in writing. In mitigation of discipline, the special master noted that Clyatt had

no prior disciplinary record, that she did not have a dishonest or selfish motive, that she made a timely good faith effort to make restitution to the client of the principal amounts used to that point and had paid interest per their agreement in the interim, that she displayed a cooperative attitude toward the disciplinary proceedings, and that she has exhibited remorse; in aggravation, the special master noted only Clyatt's considerable experience in the practice of law. Because of the greater weight of the collected mitigating factors; because of the rare, personal relationship that developed between Clyatt and the client and which benefitted the client greatly; and because of the absence of evidence of malice, deceit, or bad faith, the special master found that a Review Panel reprimand is the appropriate sanction in this matter. Neither Clyatt nor the Bar has responded in this Court to the submission of the special master's report.

Having reviewed the record, we agree that a Review Panel reprimand is the appropriate sanction in this matter. Accordingly, the Court hereby orders that Clyatt receive a Review Panel reprimand in accordance with Bar Rules 4-102 (b) (4) and 4-220 for her violation of Rule 1.8 (a).

<u>Review Panel reprimand</u>. <u>All the Justices concur</u>.

Decided October 16, 2017.

4

Review Panel reprimand.

Paula J. Frederick, General Counsel State Bar, William J. Cobb, Assistant General Counsel State Bar, for State Bar of Georgia.

Warren R. Hinds, for Clyatt.